# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DERRICK PAINTER | CASE NO. 1:04-CV-6435-REC-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| LEROY D. BACA, et al., | (Doc. 8) |
| Defendants. | |

I.   Defendants' Motion to Dismiss

  A.   Procedural History

Plaintiff Lee Derrick Painter ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed December 23, 2003 against nineteen employees of the California Department of Corrections: Alameida, Brooks, Day, Dreith, Pickett, Gransee, Ollison, Zenz, Goodlow, Mitchell, Reeves, Huddleston, Suryadevara, Endriss, White, Wilson, Crabtree, Cooper (Graves) and Hubbard ("defendants"). Plaintiff claims that defendants harassed and discriminated against her due to her status as a transgender inmate. Plaintiff alleges, sexual discrimination, harassment, emotional distress, failure to protect and negligence occurred while she was incarcerated at Central California Women's Facility (CCWF) and Northern California Women's Facility (NCWF) until her release on January 25, 2003.

1

The case was severed and transferred to this Court on October 20, 2004, On June 28, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies prior to filing suit. Plaintiff has not filed an opposition to the motion or otherwise made any contact with the Court.

  B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.

Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

  C. Discussion

  Plaintiff was incarcerated at CCWF beginning June 6, 2002. She was transferred to NCWF on July 10, 2002 where she remained until August 29, 2002 when she was transferred back to CCWF. Plaintiff was released on January 25, 2003. Plaintiff filed this suit on December 23, 2003 asserting that during her incarceration at CCWF and NCWF, defendants harassed and discriminated against her due to her status as a transgender inmate. In their motion to dismiss, defendants argue that plaintiff failed to exhaust her claims prior to filing suit and that they are entitled to dismissal of this action as a result. In support of their motion, defendants submit the declaration of N. Grannis, the Chief of the Inmate Appeals Branch of CDC. Mr. Grannis states that at the request of the California Attorney General's Officer, his office conducted a thorough search of records and found no record of appeals relating to any of the named defendants' alleged discrimination against plaintiff accepted for review of the third or Director's level from plaintiff. Dec. of N. Grannis ¶ 8. He also states that the Inmate Appeals Branch has no record of any third or Director's level decision issued to plaintiff pertaining to any appeals filed against any of the defendants. Id.

  Defendants are not entitled to dismissal of this action based on plaintiff's failure to exhaust administrative remedies because at the time plaintiff filed this action she was not a "prisoner confined in any jail, prison, or other correctional facility" within the meaning of 42 U.S.C. § 1997e(a). As used in section 1997e, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

1 diversionary program. *See* 42 U.S.C. § 1997e(h). Defendants admit that plaintiff was released on January 25, 2003 and filed this action on December 23, 2003. Defendants have provided no authority for the application of section 1997e to a prisoner who was released prior to filing suit and therefore plaintiff's failure to comply with the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a) does not require dismissal of this action

D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed June 28, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  December 15, 2005             /s/ **Dennis L. Beck**
3b142a                             UNITED STATES MAGISTRATE JUDGE