IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DERICK PAINTER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LEROY D. BACA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-04-6435 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO OBEY A COURT ORDER<br><br>OBJECTIONS DUE JUNE 30, 2007<br><br>[Doc. 23] |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Defendants noticed plaintiff's deposition for October 5, 2006. Plaintiff failed to appear at the deposition. After plaintiff failed to contact defendants to reschedule the deposition as requested, on November 3, 2006, defendants moved the Court for an order: (1) extending the discovery deadline to permit the taking of plaintiff's deposition; and (2) requiring that plaintiff appear at and participate in a deposition within 30 days. On November 7, 2006, the Court ordered plaintiff to respond to defendants' motion by November 17, 2006. Plaintiff failed to do so. On December 1, 2006, defendants filed the present motion to dismiss based on plaintiff's failure to appear for her properly noticed deposition and failure to comply with court's order. On December 5, 2006, the Court entered an order granting defendants' motion to compel and ordered plaintiff to attend her deposition at the Attorney General's

1  Office in Sacramento, California at a date and time to be specified by defendants.  Since the filing of the
2  motion to dismiss, defendants have not advised the court whether plaintiff has complied with the order
3  to attend her deposition or otherwise made contact with counsel.  Plaintiff has not made any contact with
4  the Court since the original filing of this action.

5  In moving for dismissal, defendants note that despite defense counsel and the Court's efforts to
6  obtain plaintiff's involvement in this litigation, plaintiff has failed to contact defense counsel or respond
7  to defendant's motion to compel.  Defendant's therefore request dismissal of this action for failure to
8  comply with the Court's order.

9  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
10 Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
11 sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control
12 their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate
13 . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may
14 dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court
15 order, or failure to comply with local rules.  <u>See</u>, <u>e.g</u>. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.
16 1995)(dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir.
17 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>,
18 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se
19 plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir.
20 1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th
21 Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

22 In this instance, the court addressed defendants' motion to compel and plaintiff's failure to
23 respond as ordered by granting the motion and ordering plaintiff to appear at her deposition.  Thus,
24 dismissal based on plaintiff's failure to respond to the motion is not warranted.  The dismissal of an
25 action as a sanction should be reserved for exceptional circumstances, such as when a plaintiff abandons
26 the litigation or when a plaintiff's conduct is particularly egregious.

27 However, based on plaintiff's failure to oppose the motion to dismiss or otherwise contact this
28 court, it does appear as though plaintiff has abandoned this litigation.  If plaintiff has failed to appear

for her deposition as ordered or otherwise contact defense counsel, the Court would entertain a motion to dismiss on that basis.

Accordingly, defendants are HEREBY ORDERED to provide a status report to the court and an amendment to the motion to dismiss, if appropriate. Once defendants status report is received the court will rule upon the motion to dismiss.

IT IS SO ORDERED.

**Dated:** **June 2, 2007**          /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE