IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE DERRICK PAINTER, | ) | 1:04-cv-06435-LJO-DLB-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | **RE DISMISSAL OF ACTION FOR** |
| v. | ) | **FAILURE TO PROSECUTE** |
| | ) | |
| LEROY BACA, et.al., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Lee Derrick Painter ("plaintiff"), is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

On June 4, 2007, the court issued Findings and Recommendations re Defendants' Motion to Dismiss. On July 5, 2007, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelopes indicated: "No one at address."

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S.

>      Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since plaintiff's mail was returned, and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the court apprised

2

of his current address, no lesser sanction is feasible.

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for plaintiff's failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   January 25, 2008**               **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE

3